```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


MARK A. HANSEN,                    §
                                   §
          Plaintiff,               §
                                   §
v.                                 §
                                   §    CIVIL ACTION NO. H-05-3437
AON RISK SERVICES OF TEXAS,        §
INC., Individually and d/b/a       §
AON RISK SERVICES,                 §
                                   §
          Defendant.               §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mark A. Hansen, brings this action against AON Risk Services of Texas, Inc., for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Pending before the court are Defendant's Motion to Dismiss and/or Motion for Summary Judgment under Rules 12(b)(5) and 56 of the Federal Rules of Civil Procedure (Docket Entry No. 12), and Plaintiff's Motion to Extend Time to Effect Service (Docket Entry No. 17). For the reasons stated below, defendant's motion will be denied, and plaintiff's motion will be declared moot.

## I. Rule 12(b)(5) Motion to Dismiss

Defendant argues that this action should be dismissed under Rule 12(b)(5) because it was not served with a summons until February 22, 2006, 139 days after plaintiff filed his original complaint. Plaintiff argues that defendant was timely served.

**A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(5) authorizes the court to dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). The Federal Rules of Civil Procedure distinguish between service of process for individuals and service of process for corporations. Rule 4(e) covers service of process for individuals, and it provides two methods for a plaintiff to effect proper service of process. One method allows the plaintiff to effect service of process "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The other method allows a plaintiff to "deliver[ ] a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2). Rule 4(h) sets forth the proper methods of service of process for corporations. Rule 4(h) provides:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .

Fed. R. Civ. P. 4(h)(1).

**B.     Analysis**

1.     <u>Requirements for Effecting Timely Service of Process</u>

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the

-2-

>  complaint, the court, upon motion or on its own
>  initiative after notice to the plaintiff, shall dismiss
>  the action without prejudice as to that defendant or
>  direct that service be effected within a specified time;
>  provided that if the plaintiff shows good cause for the
>  failure, the court shall extend the time for service for
>  an appropriate period. . .

Rule 4(m) authorizes a district court to dismiss a complaint if not timely served, unless good cause is shown for the failure. If good cause is shown, the district court must extend the time for service of process. Even if good cause is not shown, the district court may exercise its discretion to extend the time for effecting service. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

 2. Relevant Facts

Although plaintiff commenced this action on October 6, 2005, he did not retain counsel until January 31, 2006.[1] The Clerk's file reflects that on February 1, 2006, the day after plaintiff retained counsel, summons for AON Risk Services was issued, and that on February 23, 2006, a return of summons was filed showing that on February 2, 2006, AON Risk Services was served through its registered agent, Prentice Hall Corporation System, Inc. (Docket Entry No. 8).[2] After receiving the summons defendant's registered agent sent plaintiff's attorney the following letter:

---

[1] See Affidavit of G. Scott Fiddler (Fiddler Affidavit), attached to Plaintiff's Response to Defendant's Motion to Dismiss and/or Motion for Summary Judgment, and, in the Alternative, Motion for Extension of Time to Effect Service (Plaintiff's Response), Docket Entry No. 16, ¶ 3 (stating that he was retained by plaintiff on January 31, 2006).

[2] Exhibit 1 attached to Fiddler Affidavit.

> Service of Process has been received from you on behalf of one of the defendants named in the above action.
>
> The service of process received from you is being returned. We cannot receive this service as registered agent due to the reason(s) listed below.
>
> Because two different companies can have very similar names, the name of the company for whom service is directed MUST BE IDENTICAL to the company name on file with the Secretary of State, or other appropriate state agency.
>
> Our client records are confidential. We do not release information on our clients, agent representation or service received. We suggest you contact the Secretary of State, or other appropriate agency, for more information.[3]

The name on the summons was "AON Risk Services" while the name on file with the Secretary of State is "AON Risk Services of Texas, Inc."[4]  On February 21, 2006, summons was issued for AON Risk Services of Texas, Inc., defendant's registered agent was served on February 22, 2006, a return of summons was filed on March 2, 2006 (Docket Entry No. 9), and a return of service was filed on March 7, 2006 (Docket Entry No. 10).[5]

    3.    <u>Application of Law to the Facts</u>

Plaintiff argues that defendant was timely served because service is not defective when it misnames a defendant in an insignificant way. Alternatively, plaintiff argues that good cause

---

[3]Fiddler Affidavit, ¶ 4 and Exhibit 2 attached thereto.

[4]Fiddler Affidavit, ¶ 3.

[5]Fiddler Affidavit, ¶ 5.

exists to extend the time for service, or that the court should exercise its discretion to extend the time for effecting service.[6]

      (a)   Timeliness of Service upon Defendant

The Federal Rules of Civil Procedure allow service of summons to be effected in accord with state law.  Fed. R. Civ. P. 4(h). Federal and Texas law both allow summons to be served upon a registered agent.  See Fed. R. Civ. P. 4(h); Tex. Bus. Corp. Act art. 2.11.  The February 2, 2006, letter from defendant's registered agent to plaintiff's attorney constitutes evidence that plaintiff effected service upon defendant's registered agent within the 120-day period allowed by Rule 4(m) for effecting service.  The registered agent's return of service to plaintiff's attorney for misnaming the defendant does not negate service from having occurred.  When the plaintiff misnames the defendant sought to be held liable, but serves the correct defendant, thereby advising the intended defendant of the suit, service upon the defendant is proper, and the defendant is under a duty to plead misnomer and seek abatement.  See Matthews Trucking Co. v. Smith, 682 S.W.2d 237, 238-39 (Tex. 1984) (citing Adams v. Consolidated Underwriters, 124 S.W.2d 840, 842 (1939) ("a suit against a corporation by a wrong corporate name is still a suit against such corporation"), and Abilene Independent Telephone & Telegraph Co. v. Williams, 229

---

[6]Plaintiff's Response, p. 4.

S.W. 847 (1921) (the misnomer of a corporate defendant merely entitles the defendant to abate the proceeding until the misnomer is corrected)). See also Johnson v. Coca-Cola Co., 727 S.W.2d 756, 758 (Tex. App. -- Dallas 1987, writ ref'd n.r.e.) ("In a 'misnomer' case the plaintiff misnames the person sought to be held liable, but serves the correct person, thereby advising the intended defendant of the suit."). This is such a case: Plaintiff's first summons misnamed AON Risk Services of Texas, Inc., as AON Risk Services. Since, however, the registered agent for the intended defendant received the summons, the court concludes that the intended defendant was advised of the suit and that service was both timely and proper.

(b) Alternative Exercise of Court's Discretion

Citing Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C., 903 F.2d 1011, 1013-1014 (5th Cir. 1990), plaintiff argues in the alternative that good cause exists for not having served the defendant sooner because plaintiff was pro se until he retained counsel on January 31, 2006. Citing Thompson, 91 F.3d at 21, plaintiff also argues that the court should exercise is discretion to extend the period for effecting service because the statute of limitations has run and defendant has not argued that it was prejudiced by the 19-day delay in receiving summons under its complete name on February 22, 2006.[7]

---

[7] Id. at pp. 5-6.

As explained in Thompson, 91 F.3d at 21, "[i]f good cause is present, the district court <u>must</u> extend time for service.  If good cause does not exist, the court <u>may</u>, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."  Since Rule 4(m) authorizes the court to exercise discretion in determining whether to dismiss pursuant to Rule 4(m), in the event that the court has incorrectly concluded that service was timely and proper, the court declines to dismiss this action for plaintiff's failure to effect service within the 120-day period allowed by Rule 4(m).  The Clerk's file reflects that a summons issued in defendant's full name, AON Risk Services of Texas, Inc., was served on defendant's registered agent on February 22, 2006 (Docket Entry No. 9), and that defendant answered plaintiff's complaint on March 9, 2006 (Docket Entry No. 11).  Since plaintiff unquestionably effected service on the defendant on February 22, 2006, the court, as an alternative to its conclusion that service in this case was timely, will exercise its discretion to extend the time for effecting service of process to February 22, 2006, and will deny defendant's motion to dismiss for failure to serve timely summons upon the defendant.

## II.  **Rule 56 Motion for Summary Judgment**

Asserting that plaintiff was discharged on November 4, 2003, but that he did not file a charge of discrimination with the Texas Workforce Commission until September 25, 2004, defendant argues

that it is entitled to summary judgment because plaintiff's charge was not timely filed. Plaintiff argues that his charge of discrimination was timely filed. The court agrees with plaintiff.

**A.    Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products Inc., 120 S.Ct. 2097, 2110 (2000).

**B.    Analysis**

    1.    Relevant Facts

On November 4, 2003, defendant discharged plaintiff.[8] On April 19, 2004, plaintiff filled out and signed an "Intake

---

[8] See Affidavit of Mark Hansen (Hansen Affidavit), attached to Plaintiff's Response to Defendant's Motion to Dismiss and/or Motion for Summary Judgment, and, in the Alternative, Motion for Extension of Time to Effect Service (Plaintiff's Response), Docket Entry No. 16, ¶ 4.

Questionnaire" that he mailed to the Texas Workforce Commission (TWC) for filing with the Texas Commission on Human Rights (TCHR).[9] On the "Intake Questionnaire" plaintiff complained that AON Risk Services of Texas, Inc., the defendant, discriminated against him on the basis of his sex (male), by demoting him on May 5, 2003, denying him a lateral transfer on May 5, 2003, terminating his employment on November 4, 2003, and hiring a female to fill his position.[10]  Above the signature line of the "Intake Questionnaire" is the following request:  "In addition to filing my claim with the Texas Commission on Human Rights please file my claim with the Equal Employment Opportunity Commission [EEOC]."[11]  On April 26, 2004, the TCHR received plaintiff's "Intake Questionnaire."[12]  A formal charge of discrimination for filing with the EEOC was prepared for plaintiff, which he executed on September 25, 2004.[13] The "Charge of Discrimination" identifies the "State or Local Agency" as the "T[exas] W[orkforce] C[ommission] Civil Rights Division," and states "Original Received 4/26/04."  On October 6, 2005, plaintiff commenced this action by filing pro se a form "Employment Discrimination Complaint" (Docket Entry No. 1).

---

[9]Id. at ¶ 5, and Exhibit 1 attached thereto.

[10]Exhibit 1 attached to Hansen Affidavit.

[11]Id. at p. 4.

[12]Id. at p. 1.

[13]Hansen Affidavit, ¶ 5 and Exhibit 2 attached thereto.

2.     Administrative Prerequisites to Filing Title VII Claim

Title VII requires a complainant to file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. EEOC v. Commercial Office Products Co., 108 S.Ct. 1666, 1668 (1988); 42 U.S.C. § 2000e-5(e)(1).  However, if a complainant files a nominal complaint "with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days." Id. at 1669. See Urrutia v. Valero Energy Corp., 841 F.2d 123, 125 (5th Cir.), cert. denied, 109 S.Ct. 82 (1988) (holding nominal filing all that is required to institute proceedings with the proper state or local agency). This 300-day filing extension applies regardless of whether the state or local proceedings were filed in a timely manner. See Mennor v. Ft. Hood Natl. Bank, 829 F.2d 553, 556 (5th Cir. 1987). See also Lottinger v. Shell Oil Co., 143 F.Supp.2d 743, 753 (S.D. Tex. 2001) ("[Texas] law claims of employment discrimination are time-barred when filed after the 180-day period, while the same claims brought under federal law would be timely if filed within 300 days of the alleged discriminatory conduct."). Importantly, due to a 1989 worksharing agreement between the EEOC and TCHR, the Fifth Circuit has held that when either entity receives a charge, it does so as the other's agent. Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000). In other words, when a charge is filed with the EEOC,

it is considered automatically filed with the TCHR, and vice-versa. Thus, in order to file a timely charge of discrimination under Title VII in Texas, a plaintiff must simply file a nominal charge with either the EEOC or the TCHR within 300 days of the alleged discriminatory act.  See Blanchet v. Chevron/Texaco Corp., 368 F.Supp.2d 589, 596 (E.D. Tex. 2004).

   3.   Application of Law to the Facts

   On April 19, 2004, plaintiff filled out, signed, and mailed an "Intake Questionnaire" to the TWC, which was received by the TCHR on April 26, 2004, in which he complained that defendant discriminated against him on the basis of his sex (male) by, inter alia, discharging him on November 4, 2003.  Pursuant to a worksharing agreement between the TCHR and the EEOC, the Fifth Circuit has held that when either entity receives a charge, it does so as the other's agent.  Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000).  Although plaintiff did not file a sworn charge of discrimination with the EEOC until September 25, 2004, under both Texas and federal law, the filing of a sworn charge of discrimination relates back to the date on which plaintiff filed the intake questionnaire.  See Hennigan v. I.P. Petroleum Co., 858 S.W.2d 371, 373 (Tex. 1993) (Texas law); Price v. Southwestern Bell Telephone Co., 687 F.2d 74, 78 (5th Cir. 1982) (Title VII).  Since April 26, 2004, the date on which that intake questionnaire was received by the TCHR, is less than 300 days after November 4, 2003,

the date on which plaintiff was discharged, the court is not persuaded that plaintiff's charge of discrimination was untimely filed or that defendant is entitled to summary judgment.

### III. Conclusions and Order

For the reasons explained above, the court concludes that defendant was timely served with summons and that if not, the court in the exercise of its discretion, hereby extends the period for effecting service of summons upon defendant to February 22, 2006. Defendant's Motion to Dismiss and/or Motion for Summary Judgment under Rules 12(b)(5) and 56 of the Federal Rules of Civil Procedure (Docket Entry No. 12) is **DENIED**.  Plaintiff's Motion to Extend Time to Effect Service (Docket Entry No. 17) is **MOOT**.

**SIGNED** at Houston, Texas, on this 31st day of March, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE