# EXHIBIT 9

LEXSEE 1995 US DIST LEXIS 15283

**Allied Electronic Services, Inc. and Leonard Appell, Plaintiffs, v. Room Service TV, Inc. and Leonard E. Sabal, Defendants and Counterclaim Plaintiffs, v. Arnold Appell, Shawn Wilder, Ronald Makinen and Shane Selmer, Counterclaim Defendants.**

Civil No. 93-61-M

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

*1995 U.S. Dist. LEXIS 15283*

**October 12, 1995, Decided**

CASE SUMMARY:

**PROCEDURAL POSTURE:** Plaintiffs, represented parties, filed an original complaint against defendants. Plaintiff, a pro se party, filed a first amended complaint against defendants. The pro se party filed a motion for a jury trial.

**OVERVIEW:** The represented parties filed the original complaint against defendants, which included a civil cover sheet that demanded a jury trial. The pro se party then filed his first amended complaint against defendants, which did not include a civil cover sheet and which did not include a demand for a jury trial. The pro se party claimed that he was entitled to a jury trial because he told a clerk that he wanted a jury trial and because a civil cover sheet demanding a jury trial should have been served on defendants. The court denied the pro se party's motion. The court held that the pro se party's unsworn declaration was not credible or persuasive on the issue of his demand for a jury trial. The court also held that even if the pro se party completed a civil cover sheet, it was not served on defendants and did not meet the requirements of Fed. R. Civ. P. 38(b). The court further held that the represented parties were represented by experienced legal counsel, that their original complaint did not demand a jury trial, and that both the represented parties and the pro se party waived their right to a jury trial.

**OUTCOME:** The court denied the pro se party's motion for a jury trial.

**LexisNexis(R) Headnotes**

*Civil Procedure > Trials > Jury Trials > General Overview*
[HN1] Rule 38(b) Fed. R. Civ. P. requires that a party make demand for a jury trial and timely serve such demand upon an opposing party. The demand need not be technically perfect or even unequivocal on the face of the pleadings, but the demand must be reasonably clear, at least sufficiently so to give proper notice to the opposing party.

*Civil Procedure > Pleading & Practice > Pleadings > General Overview*
*Civil Procedure > Trials > Jury Trials > General Overview*
*Civil Rights Law > Practice & Procedure > General Overview*
*Governments > Courts > Clerks of Court*
[HN2] A civil cover sheet is merely an administrative aid to a court clerk, and is therefore not considered part of a litigant's pleading papers. While a timely served civil cover sheet on which a "jury demand" box is checked can, without more, constitute a proper jury trial demand, a civil cover sheet that has not been served with a complaint gives no notice of a jury demand necessary to meet the requirements of Rule 38(b) Fed. R. Civ. P. Even in the context of a pro se civil rights action, an unserved civil cover sheet indicating a jury demand cannot alone comport with Rule 38.

*Civil Procedure > Parties > Self-Representation > Pleading Standards*
*Civil Procedure > Trials > Jury Trials > General Overview*

[HN3] The rule that pro se plaintiffs' pleadings must be less stringently construed cannot overcome the plaintiffs' actual failure to notify defendants of a jury trial demand.

*Civil Procedure > Counsel > General Overview*
*Civil Procedure > Trials > Jury Trials > General Overview*
*Legal Ethics > Client Relations > Effective Representation*

[HN4] Experienced counsel is charged with knowledge that Rule 38 Fed. R. Civ. P. requires a clear demand for jury trial, and requires that demand to be served upon defendants.

**COUNSEL:** [*1] FOR ALLIED ELECTRONIC SERVICES, INC., plaintiff: William K. Koppenheffer, Esq., Janson & Koppenheffer, Lebanon, NH. LEONARD APPELL, plaintiff, [PRO SE], Grantham, NH.

FOR ROOM SERVICE T.V., LEONARD E. SABAL, defendants: Charles W. Grau, Esq., Upton, Sanders & Smith, concord, NH.

FOR ARNOLD APPELL, the president, a director and the sole owner of Allied Electronic Services, Inc., counter-defendant: William K. Koppenheffer, Esq., Janson & Koppenheffer, Lebanon, NH. ARNOLD APPELL, the president, a director and the sole owner of Allied Electronic Services, Inc., counter-defendant, [PRO SE], Lebanon, NH. FOR SHAWN WILDER, employee, director and shareholder of Selectel, counter-defendant: William K. Koppenheffer, Esq., Janson & Koppenheffer, Lebanon, NH. Shawn Wilder, employee, director and shareholder of Selectel, counter-defendant, [PRO SE], Lebanon, NH. For RONALD MAKINEN, employee, director and shareholder of Selectel, counter-defendant: William K. Koppenheffer, Esq., Janson & Koppenheffer, Labanon, NH. Ronald Makinen, employee, director and shareholder of Selectel, counter-defendant, [PRO SE], Lebanon, NH. FOR SHANE SELMER, employee, director and shareholder of Selectel, counter-defendant: William K. Koppenheffer, Esq., Janson & Koppenheffer, Labanon, NH. SHANE SELMER, employee, director and shareholder of Selectel, counter-defendant, [PRO SE], Lebanon, NH.

**JUDGES:** Steven J. McAuliffe, United States District Judge.

**OPINIONBY:** STEVEN J. McAULIFFE

**OPINION:**

ORDER ON PRO SE PLAINTIFF'S REQUEST FOR JURY TRIAL

A pretrial status conference was held on October 5, 1995 (see order of even date). It was brought to the court's attention that it had not ruled on pro se plaintiff's [motion] for jury trial (document no. 95). Apparently the intervention of RSTV, Inc.'s suggestion of bankruptcy caused all pending motions to be terminated when the automatic stay order was entered. The court stated that it would review the matter and rule upon the motion. Necessarily, of course, this ruling applies only to claims brought by plaintiffs against Leonard Sabal individually, and counterclaims filed by Leonard Sabal individually against counterclaim defendants, given that the automatic stay provisions still apply to all matters related to RSTV, Inc.

Having reviewed pro se plaintiff's motion for jury trial, the court denies that motion on the following grounds.

The original complaint filed in this case was filed on behalf of Allied Electronic Services, Inc., and Selectel, Inc. That complaint was filed on February 4, 1993, and assigned docket number C-93-61-M. The complaint [*2] appears to be dated February 3, 1993, and is signed by R. Peter Shapiro, Esq., as attorney for the plaintiffs. A civil cover sheet, dated February 4, 1993, and signed by Attorney R. Peter Shapiro was filed with the complaint, as required by local practice. The civil cover sheet is typed and clearly lists in box 1(c) the firm of Tardiff, Shapiro and Cassidy as attorneys for the plaintiffs. In section VII, entitled "Requested in Complaint," the preparer of the civil cover sheet typed an "X" in the box indicating "yes" after the words "jury demand." The "jury demand" section instructs the filer to "check YES only if demanded in complaint." There is no jury trial demand in the complaint.

The return of service portion of the summonses issued by the court are executed by R. Peter Shapiro, Esq., who declared that he effected service on defendants according to *N.H. RSA 510:4*, by effecting service of process on the New Hampshire Secretary of State, paying the filing fee, and mailing by certified mail return receipt requested a copy to the named defendants. The return of service portion of each summons appears to indicate that the papers served by Attorney Shapiro included the summons itself, [*3] and the complaint filed with the court. There is no indication that the civil cover sheet was also served by the "server," R. Peter Shapiro, Esq. Defendants filed timely responses, but also did not demand trial by jury.

On May 9, 1994, pro se plaintiff Leonard Appell filed a "First Amended Complaint; Exhibits 'A' and 'B'; Summons." The court allowed Mr. Appell to file the amended complaint and join the action as a party plaintiff. His first amended complaint does not demand trial

by jury. The court's record does not support the suggestion that a "summons" was ever issued or filed or served on the named defendants. In addition, it does not appear that Mr. Appell ever prepared a civil cover sheet or filed one with the court relative to his first amended complaint, nor does it appear that any civil cover sheet was served upon the defendants related to the first amended complaint. Neither pro se plaintiff Leonard Appell, nor any other plaintiff demanded trial by jury in the first amended complaint. The remaining defendants filed an answer to the first amended complaint on July 14, 1994, and did not demand trial by jury.

On January 19, 1995, pro se plaintiff, Leonard Appell, filed "Plaintiffs' [*4] Request [motion] for Jury Trial," in which he purports to request that the matter be set down for trial by jury on behalf of all plaintiffs, claiming that "plaintiffs through error, mistake and misfortune failed to make a Demand for Jury Trial when the original complaint and amended complaint were filed." (Document no. 95) Defendants filed timely objections to the request for trial by jury and, on March 6, 1995, pro se plaintiff Leonard Appell filed an unsworn "Declaration of Leonard Appell" (attached to document no. 112), in which he asserts that he "filed the original complaint in this action to assist the attorney of record, Mr. R. Peter Shapiro." He further claims that:

> . . . The court clerk had me fill out the civil cover sheet, as is done in all civil cases. I went over the cover sheet with the clerk and, when I got to the part marked "Jury Demand," I told the clerk I wanted to be sure that we received a jury trial and was there anything else I needed to do besides checking the box. The clerk informed me that this was all I needed to do. The clerk provided me with a copy of the civil cover sheet which we served in due course upon defendants along with the complaint [*5] and summons in this action."

The court does not find Mr. Appell's unsworn declaration to be either credible or persuasive on this issue. The original civil cover sheet filed in this action appears to be professionally prepared; does not appear to have been prepared at the clerk's office (it is typed, not handwritten, and it is not the practice of the clerk of this court to type civil cover sheets for corporate plaintiffs represented by local law firms); and the cover sheet is signed by Attorney R. Peter Shapiro. In addition, R. Peter Shapiro, Esq., signed the return of service block on the original summonses and filed them with this court indicating that he effected service of process pursuant to the requirements of New Hampshire's long arm statute. Those returns on the summonses do not indicate that copies of a civil cover sheet were served on the defendants, which itself would be an unusual thing for an attorney long experienced in federal practice to do.

Defendant Leonard Sabal filed a sworn affidavit on April 3, 1995, stating that as a named defendant he maintains meticulous files related to this litigation, that he reviewed those files, and discovered that those [*6] files do not contain any civil cover sheet related to this matter.

The issue before the court is whether the plaintiffs, Allied Electronic Services, Inc., Selectel, Inc., and pro se plaintiff Leonard Appell, waived their right to a jury trial. [HN1] Rule 38(b) Fed. R. Civ. P. requires that a party make demand for a jury trial and timely serve such demand upon the opposing party. The demand need not be technically perfect or even unequivocal on the face of the pleadings, but the demand must be reasonably clear, at least sufficiently so to give proper notice to the opposing parties.

[HN2] "The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin, 877 F.2d 219, 220 (2nd Cir. 1989).* While a "timely served civil cover sheet on which the "Jury Demand" box is checked can, without more, constitute a proper jury trial demand, . . . a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b)." Id. citing *Winant v. Carefree Pools, 118 F.R.D. 28, 29 (E.D.N.Y. 1988),* [*7] and other cases. The court of appeals for this circuit held, in *Omawale v. WBZ, 610 F.2d 20, 21-22 (1st Cir. 1979)* (per curiam), that even in the context of a pro se civil rights action, an unserved civil cover sheet indicating a jury demand cannot alone comport with *Fed. R. Civ. P. 38.*

Even [HN3] the "rule that pro se plaintiffs' pleadings must be less stringently construed cannot overcome [plaintiff's] actual failure to notify [defendants] of his jury trial demand." Nicholson, at 221.

In this case, the corporate plaintiffs were represented by experienced legal counsel. The original complaint prepared by and filed by counsel did not demand trial by jury. [HN4] Experienced counsel is reasonably charged with knowledge that Rule 38 requires a clear demand for jury trial, and requires that demand to be served upon the defendants. While the first amended complaint might reasonably be construed as a joint effort between current legal counsel representing the corporate plaintiffs, and pro se plaintiff Leonard Appell, even treating the first

amended complaint as a pro se offering, and construing the pleading less stringently, does not allow a different result. It is still clear [*8] to the court that even pro se plaintiff did not serve any type or form of jury demand on the defendants in connection with his filing of the first amended complaint, at least he hasn't established that he did.

Accordingly, all plaintiffs have waived their right to jury trial, and the request for jury trial (document no. 95) is hereby denied.

SO ORDERED.

Steven J. McAuliffe

United States District Judge

October 12, 1995