# EXHIBIT 10



Not Reported in F.Supp.                                                                                           Page 1
Not Reported in F.Supp., 1998 WL 440038 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas.
Christine M. VARELA, Plaintiff,
v.
NATIONAL REINSURANCE CORP., General Reinsurance Corp., and William Alexander Smart A/K/A Lex Smart, Individually, Defendants.
No. CA 3:97-CV-2088-BC.

July 22, 1998.

*MEMORANDUM OPINION AND ORDER*

BOYLE, Magistrate J.
*1 Before the Court is Defendants' Motion To Strike Jury Trial Designation, filed April 20, 1998, and Plaintiff's Rule 39(b) Motion For Jury Trial, filed May 6, 1998. Having considered the pertinent pleadings and having reviewed the record, the Court GRANTS the Defendants' motion and DENIES the Plaintiff's motion for the following reasons.

I. Background

On July 22, 1998, Christine M. Varela ("Plaintiff") filed the instant cause of action in the 298th District Court in Dallas County, Texas, alleging breach of contract, sexual harassment and intentional infliction of emotional distress. On August 25, 1997, National Reinsurance Corp., General Reinsurance Corp., and William Alexander Smart A/K/A Lex Smart (collectively, "Defendants") removed the plaintiff's cause of action to the United States District Court for the Northern District of Texas. On September 17, 1997, the Plaintiff amended her Complaint to include a claim for assault. During a Scheduling Conference conducted on December 16, 1997, the parties represented to the Court that they were not certain whether a jury had been demanded in this case. On April 20, 1998, after discovering that the Plaintiff had not previously demanded a jury trial, the Defendants filed the instant motion seeking to strike the jury trial designation. In response, the Plaintiff requested an order permitting a jury trial pursuant to Fed.R.Civ.P. 39(b).

II. Analysis

A. Rule 81(c) [FN1]

FN1. Fed.R.Civ.P. 81(c) provides in pertinent part:
If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal ... The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Under Fed.R.Civ.P. 81(c), Plaintiff was required to demand a jury trial "[w]ithin ten days after service of the notice of filing of the removal petition." *Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 873 (5th Cir.1991). On August 25, 1997, the notice of removal was served on the Plaintiff. However, the Plaintiff failed to timely demand a jury trial. Indeed, a review of the record reveals that the Plaintiff did not request a jury trial until May 6, 1998, the date she filed the instant motion pursuant to Fed.R.Civ.P. 39(b). Consequently, by not timely

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1998 WL 440038 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

demanding a jury trial, the Plaintiff waived her right to a jury. *Id.* (citing *Bush v. Allstate Ins. Co.,* 425 F.2d 393, 395-96 (5 th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970)); *Walker v. Thompson,* No. CA 3:97-CV-2437-R, 1998 WL 119533, at *2 (N.D.Tex. Mar. 6, 1998).

B. Rule 39(b) [FN2]

> FN2. Rule 39(b) provides that "[i]ssues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b).

Even though the Plaintiff waived her right to a jury trial by not timely demanding a jury trial as required by Rule 81(c), this does not end the Court's inquiry. Under Rule 39(b), it is within the Court's discretion to order a jury trial where a party has failed to make a proper jury demand. *Farias,* 925 F.2d at 873; Fed.R.Civ.P. 39(b). When considering whether to grant a Rule 39(b) motion, a court must consider:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

*2 (3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5 th Cir.1990). After applying these factors to the instant case, the Court finds that the Plaintiff's Rule 39(b) motion should be denied.

1. The Nature of the Issue

This case involves claims for breach of contract and assault.[FN3] Specifically, the finder of fact will be required to determine whether the Plaintiff had an employment contract with the Defendants, and if so, whether the Defendants breached that contract. These issues are well within the comprehension of a jury. *Daniel Int'l Corp.,* 916 F.2d at 1064 (issues surrounding a contract dispute were the type of issues usually resolved by a jury).

> FN3. On March 5, 1998, this Court granted the Defendants' Motion to Dismiss the Plaintiff's claims for intentional infliction of emotional distress and hostile work environment sexual harassment. See Order. Although the Court dismissed these claims without prejudice, the Plaintiff elected not to continue to pursue these claims.

2. Disruption of the Court's Schedule

The Court's schedule will not be disrupted by permitting the Plaintiff to try her case before a jury.

3. Prejudice to the Defendants

The Defendants have not shown that they will be prejudiced if the Court grants the Plaintiff's motion for a jury trial.

4. The Timing of the Plaintiff's Motion

The fourth factor, the length of the delay in having requested a jury trial, militates in favor of denying the Plaintiff's motion. As explained previously, this case was removed to federal court on August 25, 1997. On December 16, 1997, during a Scheduling Conference, the Court asked the parties whether this case was to be tried by a jury. At that time, the parties were unsure whether a jury trial had been demanded. Thus, as early as December 16, 1997, the Plaintiff was aware that there was some disagreement concerning whether she had made a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1998 WL 440038 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

proper jury demand. Nevertheless, the Plaintiff waited until May 6, 1998 to file the instant motion for relief. *See Vannoy v. Cooper,* 872 F.Supp. 1485, 1490 (E.D.Va.1995)(where the movant waited until five weeks after the court asked if the case was to be tried by a jury before seeking relief under Rule 39(b), this factor militated against granting the Rule 39(b) motion). Further, the Plaintiff does not offer any justification for this delay. Accordingly, this factor militates in favor of denying the Plaintiff's motion.

5. The Reason for not Demanding a Jury Originally

In her motion, the Plaintiff fails to offer any explanation for failing to comply with the Rule 81(c) requirements. Likewise, Plaintiff fails to explain why she waited more than five months after the Scheduling Conference to file the instant motion. FN4 In the absence of any reasons for her delay, the Court assumes the Plaintiff's failure to timely demand a jury was caused by mere inadvertence. *Farias,* 925 F.2d at 873 (where the party moving for a jury trial pursuant to Rule 39(b) "offered no viable reasons for his delay," the Fifth Circuit "assume[d] the delay resulted from mere inadvertence). In the Fifth Circuit, it is well-settled that a district court does not abuse its discretion by denying a Rule 39(b) motion "when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Id.; Daniel Int'l Corp.,* 925 F.2d at 1066; *Bush,* 425 F.2d at 396. Consequently, this factor weighs against granting the Plaintiff's motion.

> FN4. In her motion, the Plaintiff implies that she comes within the exception clause of Rule 81(c). The Court disagrees. The exception clause only applies where the case would have been automatically set for a jury trial under state law. *Vannoy,* 872 F.Supp. at 1491 n. 6 (citations omitted). Texas law clearly requires a jury demand. See Tex.R. Civ. P. 216.

\*3 In sum, the Plaintiff waited until more than seven months after this case was removed and more than five months after the Scheduling Conference to file the instant motion for a jury trial. Further, the Plaintiff has failed to offer any justification for either delay. Under these circumstances, the Court finds that the Plaintiff's Rule 39(b) motion should be denied. *Vannoy,* 872 F.Supp. at 1491.

III. Conclusion

For the foregoing reasons, the undersigned GRANTS the Defendant's Motion to Strike Jury Demand, filed April 20, 1998, and DENIES the Plaintiff's Rule 39(b) Motion for Jury Trial, filed May 6, 1998.

N.D.Tex.,1998.
Varela v. National Reinsurance Corp.
Not Reported in F.Supp., 1998 WL 440038 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:97cv02088 (Docket) (Aug. 25, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.